United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHADE CONSTRUCTION & ENGINEERING, INC., et al., <br><br> Defendants. | No. C-09-0591 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

   Before the Court is plaintiff's Motion for Default Judgment, filed July 9, 2009.  No opposition has been filed.  Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for August 14, 2009, and rules as follows.

   1. To the extent plaintiffs seek a monetary award against defendant Shade Construction & Engineering, Inc. ("Shade Construction & Engineering"), the motion is hereby GRANTED, and plaintiffs are awarded the total sum of $256,075.72 against said defendant, such sum reflecting the below-listed allocations.

       a. Pursuant to 29 U.S.C. § 1132(g)(2)(A), plaintiffs are awarded damages for unpaid contributions in the amount of $168,639.80.

    b. Pursuant to 29 U.S.C. § 1132(g)(2)(B), plaintiffs are awarded interest in the amount of $23,282.56.

    c. Pursuant to 29 U.S.C. § 1132(g)(2)(C), plaintiffs are awarded interest in the amount of $23,282.56.

    d. Pursuant to the parties' contract, plaintiffs are awarded liquidated damages and interest for late-paid contributions in the amount of $35,781.20.  See, e.g., Bd. of Trs. v. Shade Constr. & Eng'g, No. C 06-6830 PJH, 2007 WL 3071003, at *8-*9 (N.D. Cal. Oct. 19, 2007) (finding contractual provision for liquidated damages of $150 per month enforceable where contract provided such damages were "to reflect the internal administrative costs incurred by the trust administrators in monitoring and tracking [ ] late contributions"; awarding interest on such late contributions, until paid, at contractual rate); Bd. of Trs. v. Atoll Topui Island, Inc., No. C 06-3059, 2007 WL 174409, at *8-*9 (N.D. Cal. Jan. 22, 2007) (same).

    e. Pursuant to 29 U.S.C. § 1132(g)(2)(D), plaintiffs are awarded attorney's fees and costs in the amount of $5098.70.

  2. To the extent plaintiffs seek to hold defendant Scott Michael Shade ("Shade") personally liable for the above-referenced sums, the motion is hereby GRANTED in part and DENIED in part, and plaintiffs are awarded the total sum of $232,793.16 against said defendant, such sum reflecting the below-listed findings.

    a. With respect to the sums set forth in paragraphs 1(a), 1(b), 1(d), and 1(e) above, the motion is GRANTED, and, pursuant to 29 U.S.C. § 1109(a), plaintiffs are awarded such sums against Shade.  See, e.g., Atoll Topui Island, Inc., 2007 WL 174409, at *4-*5 (finding corporate defendant's president and CEO was fiduciary where applicable contract defined trust fund to include "all Contributions required by the Collective Bargaining Agreement to be made").

    b. With respect to the sum set forth in paragraph 1(c) above, the motion is DENIED, for the reason that plaintiff's complaint does not pray for a second award of interest against Shade (see Compl. at 10:26-11:5), nor have plaintiffs shown they are

1  entitled to such an award.

2     3. To the extent plaintiffs seek an award of post-judgment interest at the rate of
3  1.5% per month on the sums awarded herein, the motion is GRANTED in part and DENIED
4  in part, as follows.

5       a. With respect to the sum set forth in paragraph 1(a), the motion is
6  GRANTED, and such sum shall bear interest at the rate of 1.5% per month until paid in full.
7  See, e.g., Shade Constr. & Eng'g, 2007 WL 3071003, at *10 (finding, with respect to unpaid
8  contributions, plaintiffs were entitled to post-judgment interest at contractual rate where
9  contract provided for such interest on "delinquent contributions . . . until receipt of
10 payment").

11      b. With respect to all other sums set forth above, the motion is DENIED, for
12 the reason that plaintiffs have failed to point to any contractual or statutory provision under
13 which they would be entitled to such interest, see, e.g., id. (finding above-referenced
14 contractual provision did not entitle plaintiffs to award of heightened post-judgment interest
15 on contributions paid but paid late), and said sums shall bear interest at the rate set forth in
16 28 U.S.C. § 1961 until paid.

17    4. To the extent plaintiffs seek an order compelling Shade Construction &
18 Engineering to submit to an audit, the motion is hereby GRANTED, and said defendant is
19 ordered both to permit an auditor to come onto said defendant's premises and to submit to
20 an audit of the following records, for the period from January 2003 to the date of this order:

> Individual earnings records; federal tax forms W-3/W-2 and 1069.1099; reporting forms for all Trust Funds, State DE-3/DE-6 Tax Reports; Workers' Compensation insurance; employee time cards; payroll registers/journals; quarterly payroll tax returns (Form 941); check register and supporting cash vouchers; forms 1120, 1040 or partnership tax returns; general ledger; source records, including time card summaries for all employees; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation of

//
//

3

defendants' financial records.[1]

**IT IS SO ORDERED.**

Dated: August 12, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] To the extent plaintiffs seek an order allowing them to bring a motion for a "further money judgment, should the audit disclose additional amounts that may be owed by defendants to [plaintiffs]" (see Mot. at 13:14-17), the Court expresses no opinion as to whether such relief can be sought herein post-judgment.

4